# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

DAVIN HANKS                          CIVIL ACTION NO. 6:12-cv-2126

VS.                                  SECTION P

                                     JUDGE HAIK

ALAN P. HANEY                        MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

*Pro se* plaintiff, Davin Hanks, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on August 8, 2012. Plaintiff is a pre-trial detainee housed at the Lafayette Parish Corrections Center (LPCC), awaiting trial on charges of aggravated kidnaping and unauthorized use of a motor vehicle.[1]  Plaintiff complains, however, that he was falsely imprisoned and maliciously prosecuted on a charge of armed robbery, of which he was acquitted on May 30, 2012 following a jury trial. Plaintiff names Assistant District Attorney Alan P. Haney as the sole defendant. He seeks compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that this complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted and for seeking money damages against a defendant who is immune from suit.

---

[1] *See* Lafayette Parish Sheriff's Office website,  Arrests/Incarceration http://jades.lafayettesheriff.com:8888/index.php?nav=record&id=638358

**Background**

According to the Lafayette Parish Sheriff's Office web site, plaintiff was arrested and charged with aggravated kidnaping and unauthorized use of a motor vehicle and then booked into the LPCC on February 8, 2009.[2]  Thereafter, plaintiff alleges that in April 2009, he was indicted by the Lafayette Parish Grand Jury on an additional charge of armed robbery.  According to plaintiff, he was charged with this offense without probable cause.  As a result of the filing of this additional charge, plaintiff complains that he was unable to post bond to secure his release pending trial on any of the charges.  On May 30, 2012, plaintiff was found not guilty of the armed robbery charge following a jury trial, at which plaintiff alleges that the victim testified that she gave plaintiff the money which was the object of the alleged robbery, and that plaintiff did not take the money from her.

**Law and Analysis**

**1. Screening**

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983,  the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193

---

[2] *See* fn. 1, *supra.*

(5th Cir. 1997).  A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, plaintiff has set forth specific facts which he claims entitles him to damages and he has pleaded his best case.  The facts alleged by plaintiff  have been accepted as true for the purposes of this Report.  Nevertheless, plaintiff's damage claims are subject to dismissal for the reason which follows.

**2. Prosecutorial Immunity**

Plaintiff has sued Assistant District Attorney Alan P. Haney charging him with false imprisonment and malicious prosecution for his role in securing an indictment charging plaintiff with armed robbery and taking the case to trial. Haney, however,  is immune from suit for monetary damages

. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case.  *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997);  *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th

3

Cir. 1997).

As the Supreme Court has stated: "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . ." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993).

Thus, the Fifth Circuit has held that "[p]rosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Graves v. Hampton*, 1 F.3d. 315, 318 (5th Cir. 1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993).

Moreover, absolute immunity shields  prosecutors even when they act maliciously, wantonly, or negligently.  *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) *citing Rykers v. Alford*, 832 F.2d 895 (5th Cir. 1987). This is so because a prosecutor should not be distracted by threat of subsequent, time consuming and duplicative civil rights actions when performing duties of his office.  *Imbler*, 424 U.S. at 424-426, 96 S.Ct. at 992-93; *Brummett*, 946 F.2d at 1181.

Plaintiff's claim against Haney is clearly based on his conduct as the State's advocate and he is therefore entitled to absolute prosecutorial immunity. *See Imbler*, 424

U.S. at 430); *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003).  Plaintiff's  claims against Haney should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) since plaintiff fails to state a claim upon which relief can be granted, and seeks monetary relief against a defendant who is immune from such relief.  Accordingly;

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE**  for failing to state a claim on which relief may be granted, and for seeking damages from a defendant who is immune from suit in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,***

**79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette,  Louisiana on November 8, 2012.


_C. Michael Hill_
_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE


Copy sent:  RTH
On:  11-8-2012
By:  MBD

6